# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00138-CV

### In re Commitment of Jasper Lee Hill

---

### FROM THE 167TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-008392, THE HONORABLE DAYNA BLAZEY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In this civil commitment proceeding, the State petitioned to have appellant, Jasper Lee Hill, declared a sexually violent predator under the Civil Commitment of Sexually Violent Predators Act (the Act). *See* Tex. Health & Safety Code §§ 841.001-.209. After a jury found beyond a reasonable doubt that Hill was a sexually violent predator under the Act, the trial court rendered a final judgment and order of commitment. In his sole appellate issue, Hill asserts that the evidence was legally insufficient to support a finding beyond a reasonable doubt that he is a sexually violent predator. We will affirm.

## BACKGROUND

In August 1983, Hill was convicted of the offense of sexual abuse and sentenced to two years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In 1986, Hill was convicted of the offense of aggravated sexual assault and sentenced to 65 years' confinement in the TDCJ. Before Hill was scheduled to be released from TDCJ, the State filed a petition in Travis County district court to civilly commit Hill as a

sexually violent predator under the Act, alleging that he was a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code § 841.003(a). The trial court determined that Hill was indigent and appointed him counsel. Dr. Michael Arambula, the State's expert witness, testified at trial. Hill appeared by video conference call but did not respond to the trial court's request for him to be sworn as a witness and declined to respond to questions posed by the State. Hill's court-appointed attorney did not question Hill. A unanimous jury found that Hill is a sexually violent predator, and the trial court rendered a final judgment and order of commitment accordingly. *See id.* §§ 841.062(b) (jury determination that person is predator); .081 (order on civil commitment of predator). This appeal followed.

## DISCUSSION

A sexually violent predator is a person who (1) is a repeat sexually violent offender and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2). The State must prove beyond a reasonable doubt that the person it seeks to civilly commit is a sexually violent predator. *Id.* § 841.062.

When reviewing a legal-sufficiency challenge to the evidence in a sexually violent predator case, we assess all of the evidence in the light most favorable to the verdict to determine whether a rational jury could find, beyond a reasonable doubt, each of the elements that the State must prove to support a judgment of civil commitment. *In re Commitment of*

2

*Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020) (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). We may not disregard undisputed facts that do not support the finding. *Id.*

The State presented testimony of Dr. Arambula, an expert witness who opined that Hill suffers from a behavioral abnormality within the meaning of the Act. Hill did not offer any conflicting expert witness testimony. In his testimony, Dr. Arambula detailed his training and experience and explained the statutory definition of "behavioral abnormality" for the jury. Based on his expertise—his education, training, experience, and methodology—he opined that Hill suffers from a behavioral abnormality within the meaning of the Act. That abnormality consists of Hill's sexual deviance, antisocial personality, and mental illness (chronic paranoid schizophrenia). In making this determination, Dr. Arambula considered Hill's convictions for sexual offenses. Dr. Arambula noted that Hill's first sexual offense involved a 37-year-old male acquaintance with mental disabilities that caused him to be more like a vulnerable teenage boy. Dr. Arambula testified that this indicated a heightened risk for Hill's being a sexual predator. The records Dr. Arambula reviewed detailed the assault as Hill hitting and kicking the victim before forcing him to perform oral sex. At the time the offense was committed, Hill was on mandatory supervision after having been released from prison. Dr. Arambula stated that a person who commits a sex-related crime after being punished for another offense presents an elevated risk for recidivism. Hill was initially placed on deferred adjudication probation for the offense, but committed several crimes including assault, carrying a weapon, and forgery, which caused his probation to be revoked after two months. Dr. Arambula testified that committing offenses while on deferred adjudication shows a high risk of recidivism because it indicates that being punished for the offense "didn't make a difference." Hill's second offense was against a woman who was a stranger victim. Hill accosted the woman in a parking lot, threatened her with

3

a knife, put her in his car, and drove to a park where he repeatedly beat her while raping her several times. Hill then took the victim back to the parking lot where he raped her again in the car before she escaped. Dr. Arambula testified that the second offense was an escalation from the first; the first involved some physical force against an acquaintance while the second involved a substantial amount of physical aggression against a stranger. Hill was convicted and sentenced to 65 years' imprisonment. Dr. Arambula stated that the escalation and the re-offense after a previous sexual offense conviction were indicative of a high risk of recidivism. Moreover, Dr. Arambula noted that Hill did not take responsibility for the assault, claiming it was a consensual encounter. Dr. Arambula testified that people with sexual deviance typically engage in a substantial denial, do not believe they have done anything wrong, and do not accept responsibility for their actions.

Dr. Arambula identified risk factors as Hill's repeat offending after conviction, the escalation of physical violence, assault against a stranger victim, Hill's long history of antisocial behavior that began as a teenager, and his having been diagnosed with schizophrenia. In Dr. Arambula's opinion, Hill also suffers from an unspecified paraphilic disorder with features of sadism. Dr. Arambula explained that this diagnosis indicated sexual deviance including abnormal sexual interests, fantasies, and behavior. Dr. Arambula opined that Hill's sexual deviance was chronic and that it affects Hill's emotional and volitional capacity causing him to be unable to exercise adequate decision-making. The chronic sexual deviance is aggravated by Hill's antisocial personality disorder and schizophrenia. Dr. Arambula explained that people with antisocial personality disorder engage in criminal activity, prey on people, are deceitful, lack responsibility, and have no remorse. In Dr. Arambula's opinion, these features of Hill's personality cause him to be unable to follow the laws and norms of society and to re-

4

offend, even after punishment. Dr. Arambula opined that Hill's sexual deviance affects him presently because it is chronic and aggravated by his antisocial personality disorder and schizophrenia. Dr. Arambula also considered Hill's extensive history of committing non-sexual offenses including burglary, forgery, assault, criminal mischief, aggravated assault on a correctional officer, and arson. Dr. Arambula placed Hill on the high end of antisocial criminal offending and described him as a "versatile" offender based on the variety of his offenses and his reckless disregard.

Dr. Arambula also considered Hill's poor institutional adjustment during confinement. While in prison, Hill was convicted for additional crimes and was repeatedly sent to a mental unit. Hill was also disciplined at least three times for sexual misconduct in prison for masturbating in front of guards. Dr. Arambula stated that this indicated Hill is still affected by his antisocial personality disorder, which worsens his underlying sexual deviance. Dr. Arambula noted that Hill has refused sex offender treatment, which contributes to a risk of recidivism. Dr. Arambula stated that sexual deviance combined with antisocial personality disorder—the "two most identified heaviest weighted risk factors for future dangerousness"— present a high risk that Hill would re-offend. The fact that Hill has not been able to manage his behavior even in a structured setting like prison indicates he would be more dangerous in an unstructured setting.

In Dr. Arambula's expert opinion, Hill has a congenital or acquired condition that has affected his emotional and volitional capacity that predisposes him to commit a predatory act of sexual violence. Dr. Arambula testified that Hill's conditions cause him to currently present a menace to the health and safety of others and that Hill cannot control his behavior. This danger is enhanced by Hill's lack of stable family support and relationships, lack of occupational history, and his mild intellectual disability.

5

On appeal, Hill asserts that Dr. Arambula's testimony was legally insufficient to support the jury's finding that he is a sexually violent predator. While conceding that behavioral abnormality determinations rely on "evidence that concerns the application of a 'soft' science that calls for the exercise of a considerable amount of intuitive judgment on the part of experts with specialized training," *see In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied), Hill argues that Dr. Arambula's opinion is unreliable because he determined only that Hill lacks the ability to control his behavior and because, in Hill's view, Dr. Arambula focused on the likelihood that Hill would commit future criminal acts *generally* and not *sexually* violent acts. As an initial matter, there was no objection made at trial to the reliability of Dr. Arambula's expert testimony, nor was there any challenge to his methodology or qualifications to render his opinion. Moreover, Dr. Arambula repeatedly testified about the risk that Hill's sexual deviance and personality disorder would cause him to re-offend, that the combination made him predatory, and that his past offenses indicated an escalation in his sexually deviant behavior despite punishment. Dr. Arambula also testified that Hill was repeatedly disciplined during incarceration for improper sexual behavior—masturbating in front of prison guards. We do not agree with Hill's characterization of Dr. Arambula's testimony as supporting the likelihood that Hill would commit only non-sexual offenses in the future. Rather, Dr. Arambula's testimony presents an expert opinion that Hill's sexual deviance and antisocial personality disorder create a high risk of recidivism and predispose him to committing future sexual offenses.

Hill also argues that Dr. Arambula's testimony was legally insufficient to support the jury's finding that he is a sexually violent predator because Dr. Arambula did not consider Hill's age as a "protective factor" against re-offending in the future. At trial, Dr. Arambula was

6

asked whether he agreed that the risk of recidivism decreases with age. Dr. Arambula stated that "it depends on the type of sex offender. So in some cases there—that's a trend, and in others, no." Hill argues that "[w]hile advanced age alone is not enough to reverse a jury's verdict," Dr. Arambula's failure to account for its significance "should call the reliability of his opinion in question." As previously stated, there was no objection to Dr. Arambula's qualifications or the methodology underlying his opinion. Moreover, even Hill concedes that his age alone is not a reason to reverse the jury's verdict. Even considering that age can be a protective factor in some cases, one protective factor does not eliminate evidence of risk factors or foreclose Dr. Arambula from opining that Hill has a behavioral abnormality within the definition of the Act. Dr. Arambula explained the basis for his opinion, and Hill did not offer any conflicting expert witness testimony.

Applying the appropriate standards, we hold that the evidence is legally sufficient to support the jury's finding that Hill is a sexually violent predator within the meaning of the Act. We overrule his sole appellate issue.

**CONCLUSION**

We affirm the trial court's judgment and order of commitment.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed: January 15, 2026

7